UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                      CRIMINAL NO. 17-cr-20699

v.                                    HON. BERNARD A. FRIEDMAN

DANIEL MESERVE,

      Defendant.

---

## United States' Sentencing Memorandum

---

Defendant Daniel Meserve stands convicted of producing and distributing child pornography, in violation of 18 U.S.C. §§ 2251(a); and 2252A(a)(2) For the reasons stated in this memorandum, the government believes a sentence of **151–188 months' imprisonment** is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

I.      **Facts and Procedural History**

Defendant came to the attention of law enforcement during an undercover peer-to-peer file sharing investigation. Agents identified a computer that was sharing approximately 545 child pornography files. After successfully downloading files that depicted the sexual assault of children, as well as children lasciviously displaying their genitals, agents visited Meserve at his house.

During the course of the encounter, agents interviewed Meserve. He also agreed to take a polygraph examination to bolster his claim that he had never sexually touched a child. He failed the polygraph exam. He made some troubling comments about his relationship with his pre-teen daughter, such as admitting his daughter has seen him naked, and that he slept next to his daughter the night before, but "put a pillow in between them." Forensic examination of the laptop next to his bed showed that Meserve had searched for or accessed "innocent high" pornography that same night.

Forensic analysis showed that Meserve had over 12,000 files that all qualified as child pornography. A prolific distributer, Meserve had been sending the undercover officer thousands of child pornography files during the investigation.

On April 24, 2018, Meserve pleaded guilty to distributing child pornography, pursuant to a Rule 11 plea agreement. The parties agree, as does probation, that the

guidelines are 151 – 188 months' imprisonment. This Court set sentencing for August 8, 2018, at 11:00 a.m.

**II.    The factors under 18 U.S.C. § 3553(a) warrant a guideline sentence.**

The Supreme Court has noted that, in formulating the sentencing guidelines, the U.S. Sentencing Commission's goal is to carry out the objectives of 18 U.S.C. § 3553(a). *United States v. Rita*, 551 U.S. 338 (2007). While advisory, the Guidelines remain an important factor in fashioning a just sentence. This is because "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 350.

**A.    The nature and circumstances of the offense**

Meserve engaged in trading graphic and disturbing child pornography online with others. These videos and images depict the horrific abuse of small children that would repulse most people. But not Meserve; these images and videos were sought out, traded, and saved, so defendant could access them for his sexual pleasure over and over again.

With a click of the button on a camera, the sexual abuse of these children is memorialized forever. Worse, the crimes against them continue over and over again, because every time their image is collected, every time Meserve views their abuse to whet his sexual appetite, these children are victimized all over again. Not only must these children deal with the physical, psychological, and emotional

repercussions of their abuse, but they—unlike those children whose victimization was not memorialized on film—know that thousands of people watch, download, and trade in their suffering. (Ex. A: Victim Impact Statements, filed under seal).

### B. History and characteristics of the defendant

This defendant's behavior supports the imposition of a guideline sentence. Meserve is a 38-year-old healthy male, with no prior history of convictions. This lack of criminal history has been accounted for in the guidelines. In assessing the entire history and characteristics of this defendant, there is nothing that would warrant movement—either up or down—from the starting point for sentencing. A sentence of 151–188 months is appropriate.

Meserve will likely argue that this Court should sentence him to the lowest possible sentence because he has been working steadily most of his adult life. In the government's view, maintaining full time employment as an adult is more a basic expectation of society than a mitigating factor. Nonetheless, even if the Court considers the fact that Meserve maintained employment as a mitigating factor, it must also consider the fact that day after day, week after week, Meserve searched for child pornography online. Every day, Meserve used small children's pain, suffering, and humiliation as a source of sexual excitement. Daily, when Meserve found an image or a video of a helpless child being forced to engage in oral, vaginal, and anal sex, among other things, rather than alerting authorities, or even leaving the

website/download site, Meserve instead decided to save the child's suffering so that he could savor it, and obtain sexual excitement from it.

Meserve will argue that he should receive nothing more than the mandatory minimum because he never actually molested a child. That argument, if accepted by this Court, would result in an illegal, unreasonable sentence. This is because Meserve faces this Court for sentencing on <u>distributing</u> child pornography, not <u>producing</u> child pornography. Had the government been able to show that he had been assaulting children in his care during the relevant time period, he would have been assessed additional enhancements under U.S.S.G. § 2G2.2(b)(5). Had he been producing child pornography, he would be facing a 180-month mandatory minimum sentence. The guidelines take into account the crimes that Meserve committed; it does not assess punishment for things he did not do. Thus, asking this Court to vary downward from the properly calculated guidelines for receipt of child pornography, on the basis that defendant did not commit an additional crime of creating child pornography, would not make sense. It would be akin to varying downward for a defendant convicted of being a felon in possession of a firearm on the basis that the defendant refrained from robbing a bank while in possession of the gun.

Meserve can present nothing that should move this Court to consider a sentence outside of 151–188 months.

### C. Seriousness of the offense, promotion of respect for the law, and just punishment for the offense

Undoubtedly, it is a serious offense. And so is the distribution of all of images and videos that Meserve collected. It is not simply a "consumer crime" without victims. Congress has made it clear that child pornography offenses directly harm children. And courts across the country recognize the seriousness of the offense. *See In re Amy Unknown*, 636 F.3d 190, 201 n.12 (5th Cir. 2011) (*citing United States v. Norris*, 159 F.3d 926 (5th Cir. 1998). People like Meserve, who scour the internet searching for images and videos showing children being forced to participate in sexual acts "create[] a market for the abuse [of children] by providing an economic motive for creating and distributing the materials." *Osborne v. Ohio*, 495 U.S. 103, 110 (1990). The Supreme Court recognizes that the government "will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand." *Id.* at 109–110.

The evidence in Meserve's media alone demonstrates that producers are driven by receivers and possessors. This is not a marketplace where the currency is necessarily cash; rather, oftentimes, the currency is the sexual excitement provided to both the producer and the consumer by deriving sexual excitement from the rape of little children. If the people who search specific terms on the internet for specific types of child pornography are not driving the market, then why is it that titles of child pornography files serve as enticing advertisements for the newest, most daring,

and explicit images/videos? Child pornography often includes titles with "!!! NEW !!!" or "brand new!" or "AWESOME." Why do the videos often contain messages at the beginning or end that state, "want more? Email me at . . . . .". Why do producers of child pornography list their websites like banner advertisements in their videos and images? And why do some producers label their "series" images/videos by number to prove they are making "original" material? It is because Meserve, and others like him, drive a market that feeds on sexual excitement through torture and humiliation of little children. So long as there is an audience, there will be a demand for child pornography.

      A sentence that would adequately reflect the seriousness of the offense would recognize that Meserve collected images and videos that were "intrinsically related to the sexual abuse of children . . . a permanent record of the children's participation." *New York v. Ferber*, 458 U.S. 747, 759 (1982). This defendant no doubt spent countless hours searching, downloading, and viewing his treasured collection, which further added to the humiliation, pain, harm, and abuse suffered by the little children in Meserve's collection. Worse, he shared these images and videos to others, seemingly without qualification. The harm to these children is devastating, and lasts forever.

### D. Adequate deterrence and protection of the public

Deterrence is a key component in discouraging future criminal behavior and protecting the public. By deterring both the individuals who create a demand for child pornography and those that produce the supply, courts can help prevent the sexual exploitation of children. The risk of reoffending is real. Congress envisioned that individuals like Meserve, who seemingly have no ability to control their sexual desire for children, ought to be incarcerated for extended periods of time to protect society's children. The government agrees.

### E. Kinds of sentences available and the need to avoid unwarranted sentencing disparities.

The Sixth Circuit has made clear that "unwarranted sentencing disparities" concerns sentences imposed on a national level, not within a district. *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010). But either way, here, a guideline sentence does not create any such issue.

Any case within the guidelines is presumed reasonable. A sentence of 151–188 months fits comfortably within the range of sentences that similarly situated defendants receive. Congress has decided that child pornography crimes are serious, impart harm onto our children, and are deserving of lengthy sentences.

## III.  Conclusion

The government recommends a sentence of 151–188 months' imprisonment.

          Respectfully submitted,

          MATTHEW SCHNEIDER,
          United States Attorney

          *s/Margaret M. Smith*
          Assistant United States Attorney
          211 W. Fort Street, Suite 2001
          Detroit, MI  48226
          Phone:  (313) 226-9135
          E-Mail: margaret.smith@usdoj.gov
          Bar No. P71413

Dated:  August 1, 2018

## Certificate of Service

I hereby certify that on August 1, 2108, I electronically filed the Sentencing Memorandum for the United States with the Clerk of the Court of the Eastern District of Michigan using the ECF system, which will send notification of such filing to the following attorney for defendant:

Jerome Sabbota
contact@ribitwersabbota.com
Attorney for Defendant

I further certify that on August 1, 2018, I filed Exhibit A of the Sentencing Memorandum, *under seal*, with the Clerk of the Court, and have Federal Expressed the document to the following attorney of record:

Jerome Sabbota
Ribitwer & Sabbota, LLP
26862 Woodward Avenue
Royal Oak, MI 48067

*s/Margaret M. Smith*
MARGARET M. SMITH (P71413)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9135
E-Mail: margaret.smith@usdoj.gov