UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                 Criminal No. 17-CR-20699

vs.                                        HON. BERNARD A. FRIEDMAN

DANIEL MESERVE,

       Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 49]. The government has filed a response in opposition. Defendant has not replied and the deadline for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, a detainee at FCI Fort Dix in New Jersey, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] because of the prevalence of the Coronavirus within Federal

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

Bureau of Prisons ("BOP") facilities and FCI Fort Dix in particular, as well as a desire to be closer to his family in Michigan. Def.'s Mot. at 2-4. The government opposes the motion on the grounds that, due to petitioner's criminal history, he does not fall within the narrow category of individuals eligible for compassionate release under § 3582(c)(1)(A), nor would his release be consistent with the factors in 18 U.S.C. § 3553(a). Pl.'s Resp. Br. at 11-19.

The Sixth Circuit has recently clarified "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release under § 3582(c)(1)(A)." *United States v. Hampton*, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021).

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.

*Id*. (citations omitted).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. First, the Court is aware that petitioner's underlying health conditions – type 2 diabetes and essential (rather than pulmonary) hypertension – increase or might

---

> warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

increase his risk of severe illness from COVID-19, according to the Centers for Disease Control and Prevention. *See* https://www.cdc.gov/coronavirus/ (last visited Jan. 20, 2021). Defendant also asserts that he suffers from severe asthma, which similarly might increase his risk if he were to contract the virus. *Id*. Further, the number of positive COVID-19 cases at FCI Fort Dix is quite high at the moment, reflecting the widespread increase in positive cases around the country and around the world. The BOP currently reports that 120 inmates and 29 staff at FCI Fort Dix are infected. *See* https://www.bop.gov/coronavirus (last visited Jan. 20, 2021), though the numbers significantly fluctuate day to day.

In its response brief, the government notes that the BOP has taken significant steps to minimize the spread of the virus at all BOP facilities and that, since January 2020, it has reduced the prison population by granting home confinement to at least 19,225 inmates nationwide. Pl.'s Resp. Br. at 3. The Sixth Circuit has acknowledged these efforts. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020). The government also states that defendant's type 2 diabetes, the only condition which "increases" (as opposed to "might increase") defendant's risk of suffering a severe case of COVID-19, is "well-controlled." Pl.'s Resp. Br. at 14 (noting an entry in defendant's medical records indicating that "his hemoglobin A1C was only 5.5%, well outside the risk range").

Further, the seriousness of the offense for which defendant was sentenced in this case demonstrates that he would be a danger to the community if released. Section 3582(c)(1)(A) specifically limits compassionate release to defendants who are "not a danger to any other person or the community." "An evaluation of dangerousness in this context requires a comprehensive view of community safety – a broader construction than the mere danger of

physical violence." *United States v. Smith*, No. 14-20814, 2020 WL 5071176, at *2 (E.D. Mich. Aug. 26, 2020) (internal quotations and citations omitted). The Court sentenced defendant on August 8, 2018, to a sixty-month prison term, pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to distribution of child exploitation images.[2] This Court has previously held that a defendant, though not charged with a violent offense, may still be deemed a danger to the community based on charges related to child exploitation. *See United States v. Fitzhugh*, No. 16-30364, 2016 WL 4727480, at *1, *5-6 (E.D. Mich. Sept. 12, 2016) (noting the difficulty in preventing access to the internet and underscoring that "the Court is especially concerned for the danger to the yet unknown minors whose photographs could be perpetually preserved in the Defendant's accounts" – accounts which facilitated peer-to-peer image sharing, like those used by defendant in this case). The danger defendant poses to the community is exacerbated by his refusal to participate in sex offender treatment. Pl.'s Resp. Br. at 16; *see also United States v. Kliebert*, No. 11-20534, 2020 WL 730781, at *6 (E.D. Mich. Dec. 11, 2020) (emphasizing that

---

[2] The factual basis for defendant's guilty plea is set forth in the plea agreement at paragraph 1C (mistakenly labeled "1B") as follows:

> From at least March 11, 2017, through on or about October 11, 2017, in the Eastern District of Michigan and elsewhere, Daniel Meserve did knowingly distribute child pornography, that is, visual depictions of sexually explicit conduct involving prepubescent minors, or minors who had not attained 12 years of age, including, but not limited to, the lascivious exhibition of the genitals or pubic area as defined in 18 U.S.C. § 2256(8); and the images distributed by the defendant were distributed by using the internet, a means and facility of interstate or foreign commerce, and were distributed in or affected interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2).

> Specifically, the defendant used a peer-to-peer file sharing system to trade over ten thousand child pornography files, including children under the age of 12, and including children engaged in sadistic/masochistic conduct.

"[d]efendant was offered, but declined, sex offender treatment while incarcerated").

Finally, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense"; § 3553(a)(1), as well as "the need for the sentence imposed" "to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." § 3553(a)(2)(A)-(C). As to child exploitation cases specifically, this Court has previously noted that "there is a serious need for a lengthy sentence . . . in order to deter others from engaging in this conduct, conduct that causes lifelong damage to victims . . . ." *Kliebert*, 2021 WL 7307081, at *5. Particularly since defendant already benefitted from a below-guideline sentence, the Court finds that the sentencing objectives outlined in § 3553(a) weigh strongly against early release. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: January 21, 2021          Senior United States District Judge
Detroit, Michigan

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2021.

Daniel Meserve, #56026-039                    s/Johnetta M. Curry-Williams

Fort Dix Federal Correctional Institution     Case Manager

Inmate Mail/Parcels

P.O. BOX 2000

FORT DIX, NJ 08640

6