UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                 Criminal No. 17-CR-20699

vs.                                                      HON. BERNARD A. FRIEDMAN

DANIEL MESERVE,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
REQUEST FOR RECONSIDERATION**

This matter is presently before the Court on defendant's request for reconsideration [docket entry 57] of the Court's denial of his motion for compassionate release.

On August 8, 2018, defendant was sentenced to a sixty-month prison term pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to distribution of child exploitation images.[1] Defendant is presently incarcerated at FCI Fort Dix in New Jersey. On

---

[1] The factual basis for defendant's guilty plea is set forth in the plea agreement at paragraph 1C (mistakenly labeled "1B") as follows:

> From at least March 11, 2017, through on or about October 11, 2017, in the Eastern District of Michigan and elsewhere, Daniel Meserve did knowingly distribute child pornography, that is, visual depictions of sexually explicit conduct involving prepubescent minors, or minors who had not attained 12 years of age, including, but not limited to, the lascivious exhibition of the genitals or pubic area as defined in 18 U.S.C. § 2256(8); and the images distributed by the defendant were distributed by using the internet, a means and facility of interstate or foreign commerce, and were distributed in or affected interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2).

November 24, 2020, defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) "because of the prevalence of the Coronavirus within Federal Bureau of Prisons ('BOP') facilities and FCI Fort Dix in particular, as well as a desire to be closer to his family in Michigan." Op. and Order at 1-2. The government opposed defendant's motion. *See* docket entry 51. On January 21, 2021, the Court denied defendant's motion, concluding that based on defendant's health, BOP COVID-19-related safety measures, the seriousness of the charge to which defendant pled, and the § 3553(a) factors, the circumstnaces did not warrant compassionate release. *See* Op. and Order at 3-5.

In the instant request, defendant contends that he "was not given adequate time to respond to the Government's arguments against [his] release, which had glaring inaccuracies and opinions with no legal or statistical proof, recent court decisions, and things that BOP and Fort Dix in particular have been doing to put inmates at higher risk of continual reinfection with COVID-19." Def.'s Req. at 1. Defendant contends that the BOP has taken insufficient precautions against the Coronavirus pandemic and has provided inadequate care to sick inmates. *See id*. at 2-4. Defendant also challenges the legal arguments and factual allegations raised by the government in its response brief to his compassionate release motion. *See id*. at 5-7. Defendant further argues that "[t]he most glaring and outrageous inaccuracy provided by the Government and echoed in the rejection by the Court is [his] 'failure to participate in sex offender treatment.'" *Id*. at 8. Defendant contends that he was neither ordered nor offered to

---

Specifically, the defendant used a peer-to-peer file sharing system to trade over ten thousand child pornography files, including children under the age of 12, and including children engaged in sadistic/masochistic conduct.

2

participate in sex offender treatment and that the sex offender treatment program is not offered at FCI Fort Dix. *See id*. at 8-9.

> Local Rule 7.1(h)(3) of the Eastern District of Michigan provides that
>
> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"A palpable defect is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys*., 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (internal quotation marks omitted). In the instant request, defendant essentially raises the same claims that this Court has already rejected. While both the government and Court supports defendant's participation in a sex offender treatment program, given the child exploitation charge to which defendant pled guilty, the Court's decision as to defendant's motion for compassionate release did not turn on the availability of such a program. Rather, the Court cited defendant's relative good heath, the protective measures already taken by the BOP, the seriousness of defendant's crime, and the § 3553(a) factors. The Court concluded that

> [a]s to child exploitation cases specifically, this Court has previously noted that "there is a serious need for a lengthy sentence . . . in order to deter others from engaging in this conduct, conduct that causes lifelong damage to victims . . . ." *Kliebert*, 2021 WL 7307081, at *5. Particularly since defendant already benefitted from a below-guideline sentence, the Court finds that the sentencing objectives outlined in § 3553(a) weigh strongly against early release.

Op. and Order at 5. Defendant has failed to show that the Court erred in reaching this

3

conclusion.

Moreover, E.D. Mich. LR 7.1(h)(1) states that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." Defendant filed the instant request on May 4, 2021, 103 days after entry of the order that he now asks the Court to reconsider. Consequently, the request both fails substantively and procedurally.

IT IS ORDERED that defendant's request for reconsideration [docket entry 57] is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: May 17, 2021           Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 17, 2021.

Daniel Meserve #56026-039              s/Johnetta M. Curry-Williams
FORT DIX                                Case Manager
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
FORT DIX, NJ 08640